Liu v. Lynch

BIA
A077 927 830

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand sixteen.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

XIU JUAN LIU, AKA XIUJUAN LIU,
> *Petitioner,*

v.                                          15-1613
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Lee B. Ratner, Law Offices of Michael Brown, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, Matt A. Crapo, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Juan Liu, a native and citizen of the People's Republic of China, seeks review of an April 30, 2015 decision of the BIA denying reconsideration of its March 3, 2015 denial of Liu's second untimely motion to reopen. *In re Xiu Juan Liu,* No. A077 927 830 (B.I.A. Apr. 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our review is limited to the BIA's denial of reconsideration, which we review for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). A movant seeking reconsideration must "specify the errors of law or fact in the previous order and [support the motion] with pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *accord* 8 C.F.R. § 1003.2(b)(1); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). The question is whether Liu's motion for reconsideration identified error in the BIA's denial of her second untimely motion to reopen. The BIA may deny an untimely motion to reopen for failure to establish either materially changed country conditions to excuse the untimely

2

filing or prima facie eligibility for the underlying substantive relief sought. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

The BIA did not abuse its discretion. Liu's reconsideration motion argued that the BIA committed legal error in concluding that she had not established changed country conditions; however, she made no claim of error with respect to the BIA's alternative basis for denying reopening—that she failed to establish her prima facie eligibility for asylum. The BIA, in denying reconsideration, referenced explicitly Liu's failure to establish her prima facie eligibility for relief. Because Liu did not challenge the BIA's prima facie eligibility determination, and because that determination was independently dispositive of Liu's second untimely motion to reopen, we conclude that the BIA did not abuse its discretion in denying reconsideration. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007) ("The BIA abuses its discretion if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." (internal quotation marks and citation omitted)). We decline to reach the BIA's alternative changed country conditions analysis.

3

*INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk